### FERRY-HALLOCK CO. v. HERMAN.

(Circuit Court, S. D. New York. June 12, 1909.)

PATENTS (§ 328*)—INFRINGEMENT—HAT RING.

A preliminary injunction granted to restrain threatened **infringement** of the Ferry patent, No. 574,894, for a hat ring.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On motion for preliminary injunction.

Gifford & Bull, for complainant.
John L. Bernstein, for defendant.

NOYES, Circuit Judge. The orderly administration of justice in patent causes requires me to disregard any personal inclination and to follow the decision of this court in Ferry v. Waring Hat Mfg. Co., 129 Fed. 389. In that case it was held that the patent now in suit was valid and infringed; the infringing device being held to possess the "hollow bead" of the patent.

Giving the phrase "hollow bead" the meaning given it in that opinion, I think it the better view that the structure (Exhibit A) possesses such bead, as well as the petticoat of the patent, and infringes. It

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

can hardly be said that this ring has merely a turned-down edge. I think it may be said to have a superabundance of material. It is not entirely clear whether the defendant manufactures the particular structure (Exhibit A). I understood, however, upon the argument, that it was the desire of the defendant that this motion should be determined upon the theory that he was making and using such ring, and anyway, upon the affidavits presented, I should hold that a case of threatened infringement was made out.

A preliminary injunction may be issued with respect to the structure Exhibit A; but if the defendant desires to appeal from this order, and will do so promptly, the issuance of the injunction will be stayed pending the appeal. The parties may, if they desire, submit affidavits upon the question whether any security—and, if any, the amount—should be required upon such stay.